UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

WASH OUMA,

        Plaintiff,

v.

PORTLAND STATE UNIVERSITY,

        Defendant.

Case No. 3:23-cv-01795-YY

FINDINGS AND RECOMMENDATIONS

YOU, Magistrate Judge.

## FINDINGS

*Pro se* plaintiff Wash Ouma originally filed this action in Multnomah County Circuit Court, alleging that various federal rights were violated when defendant Portland State University ("PSU") awarded him the wrong degree. PSU timely removed the case to this court, Notice Removal, ECF 1, and has filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5) for lack of service and 12(b)(6) for failure to state a claim for relief. Mot. Dismiss, ECF 6. The motion to dismiss should be granted for the reasons explained below and this case should be dismissed without prejudice.

**I.    Lack of Service**

PSU moves to dismiss under Rules 12(b)(4) and 12(b)(5), which permit the filing of a motion to dismiss for "insufficient process" and "insufficient service of process" respectively.

1 – FINDINGS AND RECOMMENDATIONS

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly[.]"[1] *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process . . . a court ordinarily may not exercise power over a party the complaint names as defendant.") (citations omitted); *Strong v. Countrywide Home Loans, Inc.*, 700 F. App'x 664, 667 (9th Cir. 2017) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") (cited pursuant to Ninth Circuit Rule 36-3).

When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "The sufficiency of service of process filed prior to removal from state court is determined under state law." *Lazo v. E-Council Univ.*, No. SACV2202051CJCJDEX, 2023 WL 6785800, at *2 (C.D. Cal. Jan. 24, 2023) (citing *Lee v. City of Beaumont*, 12 F.3d 933, 939 (9th Cir. 1993), *overruled on other grounds by California Dep't of Water Resources v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008)). Oregon Rule of Civil Procedure 7 D(1) provides, in part, that "[s]ummons shall be served . . . in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend."

Under Oregon law, service on a public body such as PSU may be accomplished by "personal service or office service on an officer, director, managing agent, or attorney thereof."

---

[1] Removal of a case to federal court does not constitute a waiver of personal jurisdiction. *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929).

2 – FINDINGS AND RECOMMENDATIONS

OR. R. CIV. P. 7D(3)(h). A summons must be served along with the complaint. OR. R. CIV. P. 7D(1). Plaintiff failed to satisfy those requirements here. Instead, plaintiff sent a copy of the complaint, without a summons, by certified mail with unrestricted delivery to "Dr. Ann Cudd/President" at "Portland State University, 1600 SW 4th Ave., Suite 840, Portland, Oregon 97201." Compl., Ex. 1 at 21, ECF 1-1; Pinkerton Decl. ¶ 5, ECF 7. Even if Oregon law allowed plaintiff to serve PSU by certified mail, Oregon courts have held that "as a general rule, service by mail on an individual must be by restricted delivery—i.e., only the person being served can either accept or refuse the mailing—to satisfy the reasonable notice standard of ORCP 7 D(1)." *Davis Wright Tremaine, LLP v. Menken*, 181 Or. App. 332, 341 (2002); *see also Murphy v. Price*, 131 Or. App. 693, 697 (1994) (finding attempted service by certified mail, return receipt requested, but by unrestricted delivery does not satisfy reasonable notice requirement of O.R.C.P. 7D(1)); *Lonsdale v. Swart*, 143 Or. App. 331, 337 (1996) (same).

Plaintiff claims that, as a pro se plaintiff, he served PSU to the "best of [his] ability and knowledge" and that pro se filings must be construed liberally. Resp. 11-12, ECF 11. However, "[p]ro *se* litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). "Challenges to the manner of service are interpreted strictly, even for *pro se* litigants." *Rosado v. Roman*, No. 16-cv-784-SI, 2017 WL 3473177, at *3 (D. Or. Aug. 11, 2017). Thus, plaintiff's pro se status cannot cure his failure to serve a summons on defendant.[2]

---

[2] Plaintiff does not argue that PSU had actual notice pursuant to O.R.C.P. 7G. "Oregon courts have repeatedly stated that actual notice is, in itself, insufficient to excuse defects in the manner of service." *Johnston v. ADT LLC*, No. 3:15-CV-01396-SI, 2015 WL 7722415, at *4 (D. Or. Nov. 30, 2015); *see also Davis Wright Tremaine*, 181 Or. App. at 338-39 (observing that, "[a]s a practical matter," the fact that defendant "received and read the first-class mailing" "would seem all-important," "[b]ut legally, under Oregon's sufficiency of service rules and related jurisprudence, actual notice is, essentially, irrelevant").

3 – FINDINGS AND RECOMMENDATIONS

### II.     Failure to State a Claim

When service of process is insufficient, the court has discretion to give the plaintiff additional time to complete valid service, where good cause is shown. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing FED. R. CIV. P. 4(m)). But, here, even if the court gave plaintiff leave to properly serve PSU, it would be futile, as the complaint currently fails to state a claim for relief.

### A.     Motion to Dismiss Standard

To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain sufficient non-conclusory factual allegations to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires the plaintiff to plead facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint need not contain "detailed factual allegations," a pleading that offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" is not sufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). In the absence of a cognizable legal theory or sufficient factual allegations to support a cognizable legal theory, the claim should be dismissed. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). The court must accept all allegations of material facts as true and construe them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

### B.     Fourteenth Amendment Claim

Plaintiff alleges that PSU had "promised" him that he would be awarded a bachelor of science degree with a social science major, but he instead received a bachelor of science degree with a liberal studies major and a political science minor. Plaintiff claims he was discriminated

against because of "race, ethnicity, color, [and] spiritual faith" in violation of his equal protection rights under the Fourteenth Amendment. Compl. 1, 8, ECF 1-1.

The Fourteenth Amendment provides that no state may "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. A plaintiff "has no cause of action directly under the United States Constitution." *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). "[A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." *Id.* Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Thus, under Section 1983, a plaintiff must prove "(1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a *person* acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (citation omitted and emphasis added).

In determining whether a governmental entity is a "person" under section 1983, this court considers whether the entity is an "arm of the state." *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007). "Portland State University and other public universities in Oregon are 'arms of the state' and are immune from suit under § 1983." *See, e.g., Hagel v. Portland State Univ.*, 237 F. App'x. 146, 147–48 (9th Cir. 2007) (affirming district court's finding that Portland State University is an "arm of the state"); *Oriko v. Pub. Safety, Portland State Univ.*, No. 3:17-CV-00737-JE, 2017 WL 4052186, at *2 (D. Or. July 12, 2017), *report and recommendation adopted*, 2017 WL 4050310 (D. Or. Sept. 13, 2017) (same); *Brainard v. W. Oregon Univ.*, No. 3:17–CV–0253–SI, 2017

5 – FINDINGS AND RECOMMENDATIONS

WL 1534191, at *3 (D. Or. Apr. 26, 2017) (finding Western Oregon University is not a "person" within the meaning of Section 1983); *Harrell v. S. Or. Univ.*, 2009 WL 321014, at *1 (D. Or. Feb. 9, 2009) (finding Southern Oregon University to be an "arm of the State" for purposes of a § 1983 claim).

Plaintiff does not allege claims against PSU officials acting in their official capacity. But even if he did, "a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and any such claim would similarly have to be dismissed. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Moreover, the Complaint alleges no facts showing that plaintiff received a different degree because of his race, ethnicity, or religious beliefs. If anything, the Complaint alleges that PSU told plaintiff that he did not receive a bachelor of science degree with a social studies major because he did not have enough credits to meet the university study requirement.

In response to the motion to dismiss, plaintiff asserts that PSU failed to provide him with the degree for which he was qualified, yet it awards "such degree, diplomas etc even to the said none-colored PSU students with lower academic grades and lower academic credit hours," and contends "[t]his is discrimination." Resp. 7, ECF 11. Plaintiff also argues that "PSU **Breached** their duty to provide plaintiff with equal and appropriate timely adequate proper services, information, outputs, outcomes, et cetera as the Defendants PSU have been generally providing to their other students especially to those students of **None-color.**" *Id.* at 11 (emphasis in original).

Even if plaintiff had included these allegations in the Complaint, they do not plausibly allege an equal protection claim. "To state a claim under 42 U.S.C. § 1983 for a violation of the

6 – FINDINGS AND RECOMMENDATIONS

Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff has not alleged such intent or purpose here.[3] Nor has plaintiff identified his membership in a protected class. *See Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) ("'To state a claim . . . for a violation of the Equal Protection Clause . . . a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'").

    **C.**    **Title VI Claim**

Title VI prohibits discrimination "on the ground of race, color, or national origin . . . under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Title VI "directly reach[es] only instances of intentional discrimination." *Alexander v. Sandoval*, 532 U.S. 275, 281 (2001) (alteration in original). Title VI essentially proscribes conduct that would violate the Equal Protection Clause of the Fourteenth Amendment. *Smith v. Underhill*, No. 03:05CV 0176 LRH LRL, 2006 WL 383519, at *6 (D. Nev. Feb. 17, 2006). Plaintiff's Title VI claim suffers from the same defects as the equal protection claim discussed above, and therefore

---

[3] *See, e.g., Harper v. Poway Unified Sch. Dist.,* 345 F. Supp. 2d 1096, 1108 (S.D.Cal.2004) ("Conclusory allegations of discrimination are insufficient to withstand a motion to dismiss unless the plaintiff alleges facts that may prove invidious discriminatory intent. Thus, to state a valid claim of discrimination, a plaintiff must plead facts to show that the defendant acted in a discriminatory manner and that the discrimination was intentional."); *Summit Media LLC v. City of Los Angeles, CA*, 530 F. Supp. 2d 1084, 1091 (C.D. Cal. 2008); *Washington v. White*, No. 18-CV-00333-WHO, 2018 WL 2287676, at *7 (N.D. Cal. May 18, 2018) ("[A]ll we are left with is Washington's conclusory allegation that defendants treated her differently without any rational basis; that is not sufficient."); *Hamlet v. San Bernardino Cnty. Prob. Dep't*, No. EDCV151816JLSJPR, 2015 WL 13917864, at *3 (C.D. Cal. Sept. 21, 2015) (finding the plaintiff "failed to allege facts showing that he was intentionally treated differently from other similarly situated people for an irrational reason").

fails for the same reasons. *See Graham v. Portland Pub. Sch. Dist.*, 2015 WL 1010534, at *1, 6 (D Or Mar. 5, 2015) (dismissing a Title VI complaint because the plaintiff did "not allege she belong[ed] to a protected class or explain which actions taken by school staff constitute[d] racial discrimination").

        **D.**        **Potential Claim—Educational Malpractice**

PSU argues, "[t]o the extent that plaintiff asserts a tort claim against PSU based on academic decisions, it is precluded by the educational malpractice doctrine." Mot. Dismiss 2, ECF 6.

"Oregon, as well as the majority of other jurisdictions, prohibit claims of educational malpractice or negligence." *Pranger v. Oregon State Univ.*, No. 3:21-CV-00656-HZ, 2022 WL 214629, at *3 (D. Or. Jan. 25, 2022) (citation omitted). "Under Oregon law, a court can review a university's academic decisions related to student conduct and educational requirements only if that decision was made arbitrarily or in bad faith." *Id.* (citing *Tate v. N. Pac. Coll.*, 70 Or. 160, 167 (1914) ("The faculties of colleges, who are authorized to examine their students and pass on the question whether the students have performed all the conditions prescribed, to entitle them to degrees, exercise quasi-judicial functions, and their decisions are conclusive, if they act within their jurisdiction, and in good faith, and not arbitrarily.")). Plaintiff has failed to allege facts showing that PSU acted arbitrarily or in bad faith by awarding him a degree in liberal studies rather than social science. If anything, the Complaint explains that plaintiff did not receive a degree in social science because he did not complete the university studies requirements. Compl., Ex. 1, ECF 1-1.

8 – FINDINGS AND RECOMMENDATIONS

### E. Potential Claim—Breach of Contract

PSU also moves to dismiss any potential breach of contract claim that may be alleged in the Complaint. Mot. Dismiss 12, ECF 6. "To state a claim for breach of contract, [a] plaintiff must allege: (1) the existence of a contract, including its relevant terms, (2) the plaintiff's full performance and lack of breach, and (3) the defendant's breach resulting in damage to plaintiff." *Gallagher v. Capella Educ. Co.*, No. 3:19-CV-01342-JR, 2019 WL 8333532, at *4 (D. Or. Dec. 23, 2019), *report and recommendation adopted*, 2020 WL 1550729 (D. Or. Apr. 1, 2020) (simplified). "Statements in course catalogs, student handbooks, and similar documents can establish the terms of a contractual agreement." *Id.* "To plausibly allege the existence of an enforceable contract, the plaintiff must present facts evincing that the college's communications and overt acts suggest it manifested intent to be bound by the statements and policies in its written documents." *Id.* (simplified and citation omitted). "Stated differently, the plaintiff must pinpoint an identifiable contractual promise that the defendant failed to honor." *Id.*

Plaintiff alleges the 1997 PSU catalogue did not indicate that university studies requirements were necessary for a social science degree and he was "assured" by academic advisors that he did not have to take university studies courses to receive such a degree. Compl. 5, ECF 1-1. But such "[v]ague language or subjective intentions do not form the basis of a specific and definite offer." *Wright v. Capella Univ., Inc.*, 378 F. Supp. 3d 760, 773 (D. Minn. 2019) (finding no contract where the university merely stated how long the degree programs were "designed" to take, how they were "structured," and the length of time a "typical learner" took to complete a program); *Gallagher*, 2019 WL 8333532 at *5 (holding that general references to the catalog, manual, and guidebook, and allegations that they constituted promises to award the plaintiff a Ph.D. if he participated in the milestone process, completed a

9 – FINDINGS AND RECOMMENDATIONS

dissertation, and paid consideration in the form of tuition did not identify any particular rule or procedure that the university allegedly breached). Thus, to the extent plaintiff asserts any breach of contract claim, it fails.

### F.     Unalleged Claim—O.R.S. 659.850 Discrimination

In response to the motion to dismiss, plaintiff asserts that PSU violated O.R.S. 659.850. Resp. 1, 14, ECF 11. O.R.S. 659.850 prohibits discrimination in education where the school is financed in whole or in part by money appropriated by the state legislature. O.R.S. 659.850(2). For purposes of the statute, "discrimination" means:

> any act that unreasonably differentiates treatment, intended or unintended, or any act that is fair in form but discriminatory in operation, either of which is based on race, color, religion, sex, sexual orientation, gender identity, national origin, marital status, age or disability.

O.R.S. 659.850(1)(a)(A).

Plaintiff did not allege this claim in the Complaint. Nevertheless, as discussed in relation to his equal protection and Title VI claims, plaintiff has not demonstrated how he can plausibly allege a claim for discrimination. Thus, any claim under O.R.S. 659.850 would fail for this reason as well.

### G.     Unalleged Claim—Fraudulent Misrepresentation

In his response, plaintiff asserts that PSU engaged in "fraudulent misrepresentations." Resp. 2, ECF 11. A claim for fraudulent misrepresentation requires a plaintiff to prove the following elements: "(1) a representation; (2) its falsity; (3) its materiality; (4) the defendant's knowledge of its falsity or ignorance of its truth; (5) the defendant's intent that the representation should be acted on by the plaintiff and in the manner reasonably contemplated; (6) the plaintiff's ignorance of its falsity; (7) the plaintiff's reliance on its truth; (8) the plaintiff's right to rely on the representation; (9) and the plaintiff's resulting injury." *Smallwood v. Fisk*, 146 Or App 695,

700 (1997). Additionally, as PSU correctly observes, fraud claims must be alleged under the heightened standard required by Federal Rule of Civil Procedure 9(b).

Plaintiff asserts that, in 1997, he relied on representations by his academic advisor, Dr. Perlstein, that he had already completed the required undergraduate courses that qualified him for a bachelor's degree with a social science major and that he was not mandated to complete universities studies requirements because he was enrolled as a PSU student in 1992. Resp. 2, ECF 11. Even if plaintiff could establish the elements of fraudulent misrepresentation, his allegations are based on representations that were made and relied upon in 1997. As PSU argues, such a claim falls outside of the two-year statute of limitations, *see* O.R.S. 12.110, and plaintiff has not explained how the claim is not time-barred.

## RECOMMENDATIONS

Defendant's Motion to Dismiss (ECF 6) should be granted and this case should be dismissed without prejudice.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Monday, March 18, 2024. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

**NOTICE**

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED February 26, 2024.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

12 – FINDINGS AND RECOMMENDATIONS